IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | Case No. 1:22-CR-01013-DHU |
| vs.  ) | |
| ) | |
| **MATTHEW VICENTI**,  ) | |
| ) | |
| Defendant.  ) | |

## UNITED STATES' SENTENCING MEMORANDUM

On or near December 26, 2021, Defendant Matthew Vicenti was at his home with the mother of his two children, Jane Doe, and their two daughters who lived with Defendant. At the time, Jane Doe did not live with Defendant and had traveled from Albuquerque to his home in Dulce on the Jicarilla Apache reservation to spend time with their daughters. On that day, Defendant had been drinking and saw Jane Doe texting on her phone. He yelled at her to get off her phone, then grabbed it from her and broke it. He began slapping, pushing, and punching her, then taunted her to hit him. The violence continued, then Jane Doe put on her shoes to leave. Defendant pulled her back into the house by her hair and they continued to fight. Eventually, Doe asked for her phone back so that she could call her sister for a ride away from Defendant. In response, Defendant pulled out her phone and cracked the screen, and took her shoes. Two days later, Defendant left the house to buy more alcohol; when he came home, he had a new phone for Doe. They drank and before long, Defendant began antagonizing Doe again. Doe activated the new phone and used Facebook to post a picture of her bruised and cut face and try to find someone who could give her a ride out of Dulce. Doe's aunt saw her message and the two spoke by phone. Defendant grabbed the phone from Doe and hung up, then punched her in the

1

shoulder. Doe's aunt, concerned, called police. When the police arrived, Defendant turned off the lights and told Doe to be quiet as the police knocked for 15 minutes. He also cut the cord that provided WiFi in the home. When they returned, Defendant covered Doe's mouth with one hand and choked her with the other, causing bruises to her throat and compromising her ability to breathe. Defendant was on probation and complained to Doe that he would get in trouble. Eventually, Defendant allowed Doe to open the door for the police. In light of the facts and circumstances, the United States respectfully encourages the Court to accept the parties' plea agreement and sentence Defendant to a 51-month term of imprisonment in accordance with the following.

## I. LEGAL STANDARD

In imposing a sentence that is sufficient but not greater than necessary, the Court must consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) - (7).

## II.    ARGUMENT

### A. The nature and circumstances of the offense and the history and characteristics of the defendant.

At the time of the offenses, Defendant and Jane Doe were not living together or romantically involved; it was the holiday season and Jane Doe had traveled to Dulce to see her children at Defendant's home. *See* Presentence Report (PSR), Doc. 32, ¶¶ 10, 12. Their five-year relationship had been marred by violence and Defendant used the opportunity of her visit to reignite the violence that had resulted in legal trouble for him in the past. PSR ¶¶ 10-13. Domestic violence is never appropriate and should be condemned regardless of when it occurs, but it is particularly concerning that Defendant made it clear to Jane Doe that violence and aggressive efforts to control her would be a part of her visits to her children regardless of the steps she had taken to get away from him. *See id.* There is evidence that Defendant's alcohol consumption may have contributed to the violence, but he nonetheless had the presence of mind to hit and choke her, then take her mobile phone from her twice to keep her from contacting anyone who might help. PSR ¶¶ 10-12; 15-16. He even knew to cut the power cord to the Wi-Fi to further isolate her. PSR ¶ 16.

Defendant's criminal history shows that this violent offense is a repeated behavior for him, *see* PSR ¶¶ 63-64; 66, and it also shows that alcohol and illegal drugs have historically resulted in very poor choices that caused him to run afoul of the law. *See* PSR ¶¶ 51, 54, 60, 64-65. Defendant's violent offenses in this case, which involved alcohol but also demonstrated a calculated and manipulative effort to control Jane Doe with violence and isolation, is a worrisome shift that warrants a meaningful sentence.

**B. The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant.**

A 51-month sentence effectively reflects Defendant's harmful, abusive, and reckless conduct. Defendant was likely somewhat intoxicated when he beat Jane Doe on December 26th and assaulted her again two days later, which included attempted strangulation. Defendant's decision to keep Jane Doe quiet by covering her mouth with one hand and strangling her with the other shows an escalation in his assaults that increases the risk of death to the mother of his children.[1] A meaningful period of incarceration will also potentially allow Defendant to examine his own circumstances and the triggers for his dangerous behavior in a setting that does not leave room for avoidance tactics such as escaping into alcohol. Finally, a 51-month sentence protects Jane Doe and potentially other individuals from Defendant's reckless outbursts of violence.

**C. The kinds of sentences available and the sentencing range established for this defendant.**

A violation of 18 U.S.C §§ 1153 and 117(a)(1), domestic assault by a habitual offender, carries a penalty of a fine or imprisonment of not more than five years, or both. *See* 18 U.S.C. § 117(a)(1). A violation of 18 U.S.C §§ 1153 and 113(a)(8), assault of an intimate partner by strangulation, carries a penalty of a fine or imprisonment of not more than ten years, or both. *See* 18 U.S.C. § 113(a)(8). The PSR calculates that with a criminal history category of I, PSR ¶ 69, and total offense level of 23, which includes a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)

---

[1] *See* Nancy Glass, et al., *Non-fatal Strangulation is an Important Risk Factor for Homicide of Women,* J. Emerg. Med. 2008 Oct; 35(3): 329-335, available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2573025/

and (b). PSR ¶¶ 25-46. Defendant's guideline imprisonment range is 46 to 57 months. PSR, ¶ 100. The Plea Agreement that Defendant signed includes the United States' agreement that the cross reference to U.S.S.G §2A4.1, Kidnapping Abduction Unlawful Restraint, "does not apply in this case and should not be used to calculate the Defendant's Guideline sentence." Doc. 31, ¶ 9(a). Defendant would face an offense level of 35 and a guideline imprisonment range of 168 to 210 months if the cross reference were applied, so Defendant "is significantly benefitting from the plea agreement and the Government's agreement to dismiss Count 2, both of which drastically reduced his exposure to incarceration." PSR ¶ 101. Defendant also acknowledged that he is a habitual offender as part of this plea agreement. Doc. 31, ¶ 7. A 51-month sentence that is the middle of the guideline range calculated under the terms of the plea agreement is just because it allows Defendant to meaningfully realize the sizable benefit of his guilty plea and avoids the uncertainty and potential re-traumatization of a victim that can come with a trial.

### III.  CONCLUSION

For the foregoing reasons, a 51-month sentence is just. The United States respectfully encourages the Court to accept the parties' plea agreement and sentence Defendant accordingly.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

*/s/ Electronically filed on January 9, 2024*
KIMBERLY BELL
Assistant United States Attorney
Post Office Box 607
Albuquerque, NM 87102
(505) 346-7274

I HEREBY CERTIFY that on January 9, 2024, I filed the foregoing electronically through the CM/ECF system, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*

KIMBERLY BELL
Assistant U.S. Attorney